■ L. A. SWYER CO., INC., Appellant, v. THOMAS J. WOLFSTICH, INC., Respondent.— GREENBLOTT, J. Appeal from a judgment of the Supreme Court in favor of defendant, entered November 15, 1968 in Albany County, upon a decision of the Court at a Trial Term without a jury. Appellant seeks to recover for damages caused when a water pipe burst during construction of a building. Appellant, a building contractor, and respondent, a plumbing contractor, were awarded contracts for the construction of an office building in Albany. Appellant subcontracted the excavation portion of its contract to Quick Way Excavators, Inc., whereas respondent performed its own excavating. Under its contract, respondent was required to lay a four-inch water pipe from the main to the building, a distance of 30 feet. In the autumn of 1965, respondent excavated to a depth of approximately five feet and placed pipe along the ground at the bottom of the excavation. The pipe was suspended in air for a distance of six feet since Quick Way Excavators, Inc., had previously excavated to a depth of nine feet around the building. Thus, a portion of the pipe remained unsupported until April of 1966 when Quick Way back-filled its excavation. On October 2, 1966, the pipe burst, presumably at some point where it traversed the building excavation, causing damage to the building, sidewalks and parking lot. The repairs were performed by appellant, who

seeks to recover from respondent for this expense, contending that respondent had a contractual duty to support the water pipe and further that this duty ran to its benefit as well as to the owner of the building. At the trial, respondent was apparently unable to comply with a court order to produce its contract with the owner. However, since appellant made no further attempt to produce a copy of the contract or to learn its terms, there was no documentary proof of a duty on the part of respondent to support the pipe which broke. Respondent's proof was that it did not provide support for the exposed portion of pipe because it believed that it had no contractual duty to do so; that it was necessary to leave the excavation open since a water condition had developed, requiring the foundation to be exposed so that appellant could waterproof it; and that it had informed appellant that the pipe was vulnerable to damage if the area was not backfilled immediately. Faced with this dispute in the evidence as to duty, the absence of the written contract, together with appellant's failure to pursue alternative courses which were open to it to meet its burden of proof as to respondent's duty to support the pipe, the record clearly supports the findings and decision of the court that the appellant failed to sustain its burden of proving that respondent was responsible for the break in the water line. Judgment affirmed, with costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.